# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DERRICK DEMOND BOONE,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>3:22-cr-00304-TES-CWB |

## ORDER ADOPTING THE UNITED STATES
## MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation (Doc. 26) to deny Defendant Derrick Demond Boone's Motion to Suppress (Doc. 14). Defendant filed an Objection (Doc. 29) to the magistrate judge's Recommendation. Thus, the Court "make[s] a de novo determination of those portions of the [recommendation] or specified proposed findings . . . to which objection [has been] made." 28 U.S.C. § 636(b)(1)(C).

After conducting an evidentiary hearing on Defendant Boone's Motion, the magistrate judge issued the pending Recommendation based on, *inter alia*, several thoroughly discussed, carefully considered, and well-reasoned credibility determinations. (Doc. 26, pp. 4–10). The relevant factual findings of the Court that underlie Defendant's Motion can be found in the magistrate judge's Recommendation. *See generally* (Doc. 26). Thus, for brevity's sake, the Court does not rehash those factual

findings here.

After reviewing the magistrate judge's Recommendation and the transcript of the suppression hearing, *see generally* (Doc. 25), the Court finds no enumeration of error because the totality of all the circumstances presented by the evidence supports the credibility determinations made. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) ("[T]he question whether a consent to a search was in fact 'voluntary' . . . is a question of fact to be determined from the totality of all the circumstances.").

In making those credibility determinations, and in turn the Court's factual findings as to the issue of consent, the magistrate judge necessarily considered the "demeanor, tone, manner of testifying, and body language" of Officer Lorenzo Dennis and Federal Defender Investigator Leeanne Brantley. *United States v. Gause*, No. 22-11685, 2023 WL 2194295, at *1 (11th Cir. Feb. 24, 2023). Aside from observing the witnesses, there are other facts that lend additional support to the magistrate judge's credibility determination that Brittany Moses gave consent for her apartment to be searched. *See, e.g.*, (Doc. 26, p. 9 n.5). Most notably, Officer Dennis was present at the scene, and the statements Ms. Moses made to Ms. Brantley that she *didn't* give consent were not under oath. *See, e.g.*, [Doc. 25, p. 89:12, 21–22]. Considering this, the Court, after its de novo review, sees no reason to disturb the magistrate judge's factual findings, and it accepts them. 28 U.S.C. § 636(b)(1)(C).

Accordingly, upon review and consideration of the arguments contained in

Defendant Boone's Motion and his Objection as well as the arguments from the Government's Response (Doc. 22), the United States Magistrate Judge's Recommendation (Doc. 26) is due to be **ADOPTED** and **MADE THE ORDER OF THE COURT**.

The Court **DENIES** Defendant Boone's Motion to Suppress (Doc. 14).

**SO ORDERED**, this 14th day of June, 2023.

S/ Tilman E. Self, III,
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
